## J. T. SNEED v. THE STATE.

### *No. 6571.    Decided June 15.*

1. **Wilful Obstruction of a Public Road—Evidence.**—It is a general rule that what is said or done by participants under the immediate spur of a transaction becomes a part of the transaction, and it is the transaction that speaks. In such cases it is not necessary to examine as witnesses the persons who, as participators in the transaction, thus instructively spoke and acted. What they did or said is not hearsay, but is part of the transaction itself. Under this rule the trial court erred in refusing to permit the defendant to prove that when he was preparing to and was in the act of enclosing his land, T., the adjacent land proprietor, told him "to go ahead and build his pasture fence on the same line with his field fence and that he, T., would move his pasture fence back so as to have a road of the proper width." Such evidence tended to rebut the evil intent or wilfulness on the part of the accused.

2. **Same—Charge of the Court.**—The charge of the court in this case was erroneous in that it omitted to define the term "wilfully." See the opinion for a requested instruction to supply the omission which, though insufficient in itself, was sufficient to call for a full and correct instruction from the court.

APPEAL from the County Court of Milam. Tried below before Hon. E. Y. Terral, County Judge.

The opinion sufficiently discloses the case. The penalty assessed against the appellant was a fine of one dollar.

*T. S. Henderson*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a judgment of conviction for wilfully obstructing a public road.

On the trial the defendant proposed to prove that whilst he was preparing and in the act of enclosing his land, Tarver, the adjacent land proprietor, "told him to go ahead and build his pasture fence on the same line with his field fence, and that he, Tarver, would move his pasture fence back so as to have a road of the proper width," and that upon this agreement the fence was built by him. This evidence was excluded by the court as hearsay. Under the peculiar facts of this case we are of opinion that the evidence was admissible as *res gestæ*. What is said or done by participants under the immediate spur of a transaction becomes

a part of the transaction, and it is the transaction that speaks.   In such cases it is not necessary to examine as witnesses the persons who, as participators in the transaction, thus instinctively spoke and acted.   What they did or said is not hearsay, but is part of the transaction itself. Whart. Crim. Ev., 8 ed., sec. 262; Hester v. The State, 15 Texas Ct. App., 567.   The evidence tended to rebut any evil intent or wilfulness on the part of defendant.

In the charge of the court as given to the jury the words "wilful," or "wilfully," were not explained nor defined, and the court refused the following requested instructions of defendant, viz.:   "If the defendant at the time he had the line of posts put up believed he was having the same placed on his own land, then you can not convict the defendant, but you must acquit him.   The defendant can not be convicted unless he wilfully obstructed the road in question, and the court defines 'wilfully' to mean with evil or wicked intent, or malice.   So, before you can find or convict defendant, you must believe beyond a reasonable doubt that the defendant obstructed the road, and that at the time he did so he was prompted by evil or wicked intent, or by malice; and if you so find you must acquit him."

This instruction is correct as far as it goes.   It should have added in further defining "wilfully" that the party did the act "without reasonable ground to believe it to be lawful."   Thomas v. The State, 14 Texas, Ct. App., 201; Willson's Crim. Stats., sec. 685; Parsons v. The State, 26 Texas Ct. App., 192.   The instruction certainly was sufficient to call the court's attention to a most important omission in the charge, and the court should have given a proper instruction upon the subject.

We are of opinion the evidence is insufficient to show a "wilful" obstruction of the road in question, according to the legal meaning of the word "wilfully," as used in the statute.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.